## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. __18-20354 CR GAYLES/OTAZO-REYES__

15 U.S.C. § 78j(b)
15 U.S.C. § 78ff(a)
17 C.F.R. § 240.10b-5
18 U.S.C. § 981(a)(1)(C)

FILED BY ___TB___

*May 2, 2018*

STEVEN M. LARIMORE
CLERK U.S. DISTRICT CT.
S.D. OF FLA. MIAMI

**UNITED STATES OF AMERICA**

**vs.**

**EDDY UBALDO MARIN,**

        **Defendant.**

_____/

## INFORMATION

The United States Attorney charges that:

1.      Valentine Beauty, Inc. ("VLBI") was a Nevada corporation with offices in Sunrise, Florida, and an issuer of securities.

2.      Shares of VLBI were publicly traded and quoted on OTC Link, which was operated by OTC Markets.  Shares of VLBI were traded electronically by buyers and sellers located throughout the country, including in Miami-Dade County.

3.      Green Tree Capital, Inc. ("Green Tree") was a Florida corporation and conducted business at 1007 N. Federal Highway, Ft. Lauderdale, Florida.

4.      Defendant **EDDY UBALDO MARIN** was a resident of Broward County, Florida, and the President and Secretary of Green Tree.

**SECURITIES FRAUD**
**(15 U.S.C. §§ 78j(b) and 78ff(a);**
**17 C.F.R. § 240.10b-5)**

From in or around November 2013, through in or around April 2016, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendant,

**EDDY UBALDO MARIN,**

did knowingly, willfully, and unlawfully, by the use of means and instrumentalities of interstate commerce, the mails, and the facilities of national securities exchanges, directly and indirectly, use and employ manipulative and deceptive devices and contrivances in connection with the purchase and sale of securities, and: (a) employ a device, scheme and artifice to defraud; (b) make untrue statements of material facts and omit to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engage in acts, practices and courses of business which would and did operate as a fraud and deceit upon any person, in connection with the purchase and sale of securities.

## PURPOSE OF THE SCHEME AND ARTIFICE

5.      The purpose of the scheme and artifice was for the defendant and his accomplices to unjustly enrich themselves by obtaining money from investors using false press releases and manipulative trading techniques to artificially increase the trading volume and price of VLBI shares, so that the defendant and his accomplices could profit from the sale of VLBI shares during the manipulation period.

## THE SCHEME AND ARTIFICE

The manner and means by which the defendant and his accomplices sought to accomplish the object and purpose of the scheme and artifice included, among others, the following:

6.      In or around November 2013, **EDDIE UBALDO MARIN** approached Individual A, then chief executive officer of VLBI, to propose a method for raising capital in which **MARIN** would receive a controlling interest in VLBI by issuing stock to Green Tree, and through

2

intermediaries **MARIN** would issue press releases on behalf of VLBI. **MARIN** was a convicted

felon and kept his name off of VLBI corporate documents to conceal his role from the public.

7.      In approximately March and April 2014, **EDDY UBALDO MARIN** recruited

others to assist with conducting a series of pump and dump stock swindles using VLBI stock,

including Individual B, who specialized in marketing. **MARIN** arranged to transfer a substantial

number of shares into accounts controlled by Individual B and other accomplices, so that these

accomplices could conduct coordinated trading activity with **MARIN**, while rosy press releases

were issued in the name of VLBI management or third parties. This trading activity was intended

to artificially increase the trading volume of VLBI shares to give the false appearance of investor

demand.

8.      **EDDY UBALDO MARIN** would obtain false and fraudulent legal opinion letters

so the shares issued by the company to **MARIN** and his accomplices could be falsely classified as

unrestricted or free-trading and could thereby be deposited with a broker and sold to the public via

OTC Link. For example, on or about April 10, 2014, **MARIN** obtained a legal opinion letter from

Attorney A, transmitted from New York to the Southern District of Florida via interstate wire

communication and the mails, that falsely and fraudulently represented that 9,100,000 VLBI shares

held in the name of Green Tree, were not controlled by an "affiliate" of the company and therefore

could be publicly sold.

9.      Beginning in or around May 2014, and continuing through in or around September

2014, **EDDY UBALDO MARIN** and his accomplices periodically repeated this pattern of issuing

press releases and newsletters to artificially increase the trading volume and price of VLBI shares,

and then selling shares to the public once the share price reached a desired level. **MARIN**

conducted trades of VLBI shares directly and through intermediaries while he was located in the

3

Southern District of Florida, using a broker located in New York, and a stock transfer agent located in Utah.

10.     In approximately June 2014, **EDDY UBALDO MARIN** began a term of federal imprisonment due to a different federal offense and was ultimately incarcerated at FCI Miami. While at FCI Miami, **MARIN** was visited by Individual B on various occasions.  During these visits, **MARIN** directed Individual B concerning fraudulent trading activities related to VLBI shares.  Under **MARIN**'s direction, Individual B caused the issuance of press releases and marketing newsletters that touted VLBI's stock.  Through Individual B, **MARIN** also coordinated the trading activities of his accomplices.

11.     After his release from prison, in or around April 2015, **EDDY UBALDO MARIN**, with Individual B and others, planned to conduct a reverse merger of VLBI into another entity, change the name, and retain secret control of the company.  **MARIN** and his accomplices discussed how they could continue to conduct stock manipulations of VLBI shares using the name of the new entity to conceal their prior activities.  Thereafter, **MARIN** and his accomplices continued to sell shares of VLBI until approximately April 26, 2016, when trading in **VLBI** shares was suspended by the U.S. Securities and Exchange Commission.

## SECURITIES TRANSACTION

On or about May 14, 2014, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendant,

**EDDY UBALDO MARIN,**

did knowingly, willfully, and unlawfully, by the use of means and instrumentalities of interstate commerce, the mails, and the facilities of national securities exchanges, directly and indirectly, use and employ manipulative and deceptive devices and contrivances in connection with the

purchase and sale of securities, and: (a) employ a device, scheme and artifice to defraud; (b) make untrue statements of material facts and omit to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engage in acts, practices and courses of business which would and did operate as a fraud and deceit upon any person, in connection with the purchase and sale of securities, to wit, directed the sale of 145,000 shares of VLBI common stock on the OTC Link exchange in an account in the name of Green Tree, which transaction caused an interstate wire transmission and mailing between the Southern District of Florida and the District of Colorado, among other places.

In violation of Title 15, United States Code, Sections 78j(b) and 78ff(a), and Title 17, Code of Federal Regulations, Section 240.10b-5.

## FORFEITURE
### (18 U.S.C. § 981(a)(1)(C))

1.      The allegations of this Information are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of certain property in which the defendant has an interest.

2.      Upon conviction of the violation alleged in this Information, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), any property real or personal, which constitutes or is derived from proceeds traceable to such violation.

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and the procedures set

forth at Title 21, United States Code, Section 853 made applicable by Title 28, United States Code,

Section 2461(c).

BENJAMIN G. GREENBERG
UNITED STATES ATTORNEY

JERROB DUFFY
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. _____ |
| vs. | |
| EDDY UBALDO MARIN, | **CERTIFICATE OF TRIAL ATTORNEY\*** |
| Defendant. _____ / | **Superseding Case Information:** |

**Court Division:** (Select One)

<u>X</u>   Miami   _____   Key West          New Defendant(s)           Yes _____   No _____
_____ FTL   _____   WPB        FTP          Number of New Defendants   _____
                                            Total number of counts      _____

I do hereby certify that:

1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.  Interpreter:      (Yes or No)      <u>NO</u>
    List language and/or dialect      _____

4.  This case will take  <u>0</u>  days for the parties to try.

5.  Please check appropriate category and type of offense listed below:

    (Check only one)                          (Check only one)

| | | | | | |
|---|---|---|---|---|---|
| I | 0 to 5 days | <u>X</u> | Petty | _____ | |
| II | 6 to 10 days | _____ | Minor | _____ | |
| II | 11 to 20 days | _____ | Misdem. | _____ | |
| IV | 21 to 60 days | _____ | Felony | <u>X</u> | |
| V: | 61 days and over | _____ | | | |

6.  Has this case been previously filed in this District Court?    (Yes or No)    <u>No</u>
    If yes:
    Judge: _____    Case No. _____

    Has a complaint been filed in this matter?      (Yes or No)      <u>No</u>
    If yes:
    Magistrate Case No. _____
    Related Miscellaneous numbers: _____
    Defendant(s) in federal custody as of _____
    Defendant(s) in state custody as of _____
    Rule 20 from the _____    District of _____

    Is this a potential death penalty case? (Yes or No)      <u>No</u>

7.  Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?    _____ Yes   <u>X</u>  No

8.  Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?    _____ Yes   <u>X</u>  No

_____
JERROB DUFFY
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. A5501106

\*Penalty Sheet(s) attached                                                    REV 4/8/08

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: EDDY UBALDO MARIN

**Case No**: _____

Count #: 1

Securities Fraud

Title 15, United States Code, Sections 78(b), 78ff(a)

* **Max. Penalty**: Twenty (20) years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. |
| Eddy Ubaldo Marin, | ) | |
| | ) | |
| *Defendant* | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

_____
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*